Ht&ian, C. J.
Plaintiff sued defendant to recover of him $600 for rent of land.
The contract sued on by plaintiff was, that defendant should enjoy for one year certain landed property belonging to plaintiff, and that he should pay plaintiff for its enjoyment $600, less the value of improvements that he should put on the land.
Defendant, in his answer, pleaded in reconvention and compensation, the value of the improvements put by him on the land, and also the price of some cord-wood sold by him to plaintiff.
The Judge rendered judgment, allowing to plaintiff his claim of six hundred dollars against defendant, and to defendant, on his plea in reconvention and compensation, the value of the improvements put by him on the land let, and the price of the wood sold by him to plaintiff.
Prom the judgment plaintiff has appealed.
Plaintiff relies on one ground only for the reversal of the judgment.
The ground is, that the District Judge erred, in receiving evidence on the plea of reconvention and compensation, set up by defendant for the price of the cord-wood sold by him to plaintiff.
Plaintiff filed a bill of exception to the admission of the evidence, and the objections in the bill are, that his claim was a liquidated one, having been liquidated by the acknowledgment of the defendant, in his answer, and that an unliquidated claim, as was defendant’s for the sale of the wood to plaintiff, could not be pleaded in compensation against it, nor could defendant’s claim be pleaded in reconvention, because it was not connected with his, plaintiff’s claim for rent, and because both parties were residents of the same parish.
The reason of the Judge for admitting the evidence is embodied in the bill of exception; and is, that the demand for the price of the wood claimed by defendant was liquidated, as to the price to be paid, and as much so as plaintiff’s demand for rent, and that the answer of defendant does not admit any certain sum to be due to plaintiff
The defendant had no right to set up the plea in reconvention, as both plaintiff and defendant reside in the same parish, and as the claims were not connected with each other. On that plea defendant had no right to introduce evidence. See Code of Practice, Art. 375, and amendment to the article.
The indebtedness of plaintiff to defendant for the wood was under an agreement at a fixed price, for the cords which defendant might deliver to plaintiff, but there had been no settlement or adjustment as to the *466 number of cords delivered by defendant, consequently, like the claim for rent by plaintiff, the amount due to defendant for wood was not liquidated.
The evidence shows that the claim of the plaintiff for rent and the claim of defendant for the price of the wood were equally liquidated, and the plea of defendant in compensation for the price of the wood was authorized by the law. See Civil Code, Art. 2205; Code of Practice, Art. 368.
It is not seriously contended by plaintiff that the claim for the price of the wood by defendant, was not as liquidated as his, plaintiff’s claim for rent, before defendant filed his answer, but he contends that the effect of defendant’s plea of compensation, in his answer, acknowledged his, plaintiff’s claim to be due, and fully liquidated it, while defendant’s claim remained unacknowledged and unliquidated.
The plea of compensation may have had the effect plaintiff contends for, but the law authorized the defendant to make the plea in that manner, and, consequently, gave him the right to introduce evidence to establish his plea.
The strange position is assumed by the plaintiff, that the adoption by the defendant of a plea in his defence allowed by law to secure his rights, has caused him to lose his rights.
Let the judgment of the District Court be affirmed, with costs.